IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–02568–REB–KMT

CATHERINE V. SMITH,

    Plaintiff,

v.

EARL RANDY CRAVEN, MD,

    Defendant.

---

## ORDER

---

This matter is before the court on Plaintiff Catherine Smith's letter to the court dated June 25, 2014 (Doc. No. 22), Defendant's Response to that letter (Doc. No. 23, filed June 27, 2014), and Ms. Smith's letter to the court dated July 1, 2014 (Doc. No. 25). Both of Ms. Smith's letters complain about phone calls from she received from Defendant's counsel, Teimeier & Stich, P.C.

First, Plaintiff's June 25, 2014 letter states that "a gentleman" from Teimeier & Stich called Plaintiff to inform that she was "illegal in sending the motion according to some code number" and was "trying to get [Plaintiff] to agree to something." (6/25/2014 Ltr. at 1.) Defendant's Response clarifies that Defendant's counsel, Daniel Mauk, called Plaintiff on June 25, 2014 in order to confer with Plaintiff regarding a motion to strike Plaintiff's "2nd Answer to Motion to Dismiss"[1] he was preparing to file. (Resp. at 1-2.) More specifically, Mr. Mauk states

---

[1] Doc. No. 19, filed June 24, 2014.

he explained to Plaintiff that Defendant did not believe her 2nd Answer to Motion to Dismiss was proper and sought Plaintiff's position on a motion to strike that he was prepared to file. (*Id.* at 2.) Plaintiff allegedly responded that "she was a *pro se* litigant[,] that the same rules did not apply to her," and that if Mr. Mauk wanted her to respond to any of his questions, now or in the future, "he would need to send her a letter in the mail." (*Id.*) Again, Mr. Mauk attempted to explain that he was only trying to comply with his duty to confer and further stated that because the motion to strike was time sensitive, a letter would not work. (*Id.*) However, Plaintiff allegedly cut Mr. Mauk off, stated that he needed to send a letter, and hung up.[2] (*Id.*)

Second, Plaintiff's July 1, 2014 letter states that she received a phone call from Mr. Mauk explaining that he anticipated filing a motion to dismiss and asking Plaintiff if she "was against him filing any motion to dismiss my case." (7/1/2014 Ltr. at 1.) Plaintiff again insisted that Mr. Mauk send her a letter, stated that she was against all motions to dismiss her case, and apparently hung up. Plaintiff then called Mr. Mauk right back to inform him to "never call here again and that [she] was reporting this call to [] Judge Tafoya." (*Id.*)

Although she is proceeding *pro se,* Plaintiff must comply with the requirements of the Federal Rules of Civil Procedure and the Local Rules of this court. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

As an initial matter, it is improper for Plaintiff to send letters directly to the court. *See* D.C.COLO.LCivR 77.2 (unless otherwise ordered, a party to a proceeding shall not communicate directly about the proceeding in any manner with a judicial officer assigned to a

---

[2] Because the court subsequently struck Plaintiff's 2nd Answer to Motion to Dismiss *sua sponte* as an impermissible surreply (*see* Minute Order, Doc. No. 20, filed June 25, 2014), Defendant's putative motion to strike was never filed.

proceeding). Instead, Federal Rule of Civil Procedure 7(b) requires that any request of the court be made by *motion,* which must be served upon the opposing party. Future letters filed by Ms. Smith will be stricken.

More pertinent to the issue at hand is Local Rule 7.1(a), which establishes a duty to confer prior to the filing of any motion, with some limited exceptions. More specifically, Local Rule 7.1(a) provides:

> **Duty to Confer.** Before filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable good faith efforts to confer with any opposing counsel *or unrepresented party* to resolve any disputed matter. The moving party shall described in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty.

D.C.COLO.LCivR 7.1(a) (emphasis added).

The language of Local Rule 7.1(a) requires that the parties confer by holding a conference, preferably through person-to-person telephone calls or face-to-face meetings, where they may compare views and attempt to reach an agreement, including by compromise if appropriate. *See Hoetzel v. First Select Corp.,* 214 F.R.D. 634, 636 (D. Colo. 2003). As such, Mr. Mauk was required to call Ms. Smith to attempt to confer via telephone regarding Defendant's proposed motion to strike and motion to dismiss. It was not appropriate for Plaintiff to refuse to discuss these matters with Mr. Mauk or to hang up on him. Conferral is required and the court specifically directs Ms. Smith to accept Mr. Mauk's telephone calls and provide her input on matters in her case.

As a final matter, Defendant's Response "asks the court to issue an Order releasing Defendant from his duty to confer on all future motions or, in the alternative, instruct Plaintiff regarding the rules of procedure that she must follow as a *pro se* litigant." (Resp. at 2.) Because

this Order instructs Plaintiff on her obligations with respect to Local Rule 7.1(a), Defendant is <u>not</u> discharged from his duty to confer on future motions. Ms. Smith likewise must confer with Mr. Mauk prior to filing motions with the court. Any motion that is not supported by proper conferral consistent with Local Rule 7.1(a) will be summarily denied.

Accordingly, it is

ORDERED that, in the future, Plaintiff shall fully comply with Local Rule 7.1(a) by conferring in good faith with Defendant's counsel on any potential motion, including stating her position with respect to any relief that may be sought against her.

Dated this 7th day of July, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge