IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13–cv–02568–REB–KMT

CATHERINE V. SMITH,

    Plaintiff,

v.

EARL RANDY CRAVEN, MD,

    Defendant.

___

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This matter is before the court on Plaintiff's "Motion to Declare Dimissal [sic] Form Null and Void." (Doc. No. 41, filed Sept. 2, 2014.) Defendant filed a Response on September 5, 2014. (Doc. No. 43.) Despite having until September 22, 2014, to do so, *see* D.C.COLO.LCivR 7.1(d) & Fed. R. Civ. P. 6(d), Plaintiff did not file a reply. Accordingly, this matter is ripe for the court's review and recommendation.

    In her Complaint, filed September 19, 2013, Plaintiff asserted a state law medical malpractice claim against Defendant. (*See* Compl., Doc. No. 1.) After some initial difficulty, Plaintiff served Defendant on April 27, 2014 (*see* Doc. No. 10), and Defendant filed a Motion to Dismiss on May 19, 2014 (Doc. No. 14).[1] The court set a Scheduling Conference for August 13, 2014 (Doc. No. 18).[2]

---

[1] Defendant filed a second Motion to Dismiss on July 1, 2014. (Doc. No. 24.)
[2] The Scheduling Conference was initially set for July 14, 2014. (Doc. No. 16.)

On August 12, 2014, one day before the Scheduling Conference, Defendant filed a "Stipulation for Dismissal with Prejudice" signed by Plaintiff and counsel for Defendant. (Doc. No. 41.) The stipulation featured the following text:

> ~~Having resolved all issued between them,~~ Plaintiff, Catherine V. Smith, and Defendant, Earl Randy Craven, M.D., by and through their undersigned attorneys, and as a *pro se* party, hereby stipulate that this matter may be dismissed with prejudice and each party to bear their own costs and attorney fees.
>
> Wherefore, the parties respectfully request that the Court dismiss this action *with prejudice.*

(Doc. No. 41) (strikeout and emphasis in original.)  The following day, August 13, 2014, District Judge Robert E. Blackburn, approved the Stipulation for Dismissal and dismissed this action with prejudice. (Order of Dismissal, Doc. No. 42.)

In her Motion, Plaintiff seeks to have the court rescind the Stipulation of Dismissal and reopen the case.  More specifically, Plaintiff maintains that the dismissal of this case should be considered "null and void" on the grounds that Defendant's counsel failed to send her a clean copy of the Stipulation of Dismissal after she objected to the introductory language: "Having resolved all issues between them."  (*See* Mot.)

The court construes Plaintiff's Motion liberally to seek relief from Judge Blackburn's August 13, 2014 dismissal order pursuant to Federal Rule of Civil Procedure 60(b).  Federal Rule of Civil Procedure 60(b) permits a court to grant relief from a final judgment or order for specified reasons, including "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an

opposing party; . . . or (6) any other reason that justifies relief."[3]  "Rule 60(b) relief 'is extraordinary and may only be granted in exceptional circumstances.'" *Zurich N. Am. v. Matrix Serv., Inc.,* 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Servants of Paracletes v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000)).

The court first finds that Plaintiff fails to demonstrate an entitlement to relief under Rule 60(b)(3).  To be entitled to relief from a final order based on fraud or misconduct, Plaintiff must show, by clear and convincing evidence, that Defendant "acted with 'an intent to deceive or defraud the court,' by means of a 'deliberately planned and carefully executed scheme.'" *Yapp v. Excel Corp.,* 186 F.3d 1222, 1232 (10th Cir. 1999) (quoting *Robinson v. Audi Aktiengesellschaft,* 56 F.3d 1259, 1267 (10th Cir. 1995)).  Upon considering Defendant's counsel's denial, the court is not persuaded that Plaintiff requested that Defendant's counsel send her a clean copy of the stipulation for her signature.  If Plaintiff actually intended to review and sign a new copy of the stipulation, she would not have signed the stipulation after crossing out the language she found objectionable and faxed it back to Defendant's counsel.

Moreover, even if Plaintiff did request a clean copy of the stipulation, at worst, Defendant's counsel's failure to comply with this request would amount to a negligent misunderstanding, rather than a deliberate attempt to defraud the court.  Indeed, any suggestion that Defendant's counsel acted with intent to defraud the court is belied by the fact that the only

---

[3] Rule 60(b) also allows for relief from a final order where "(2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)" and "(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."  These grounds for relief are inapplicable here.

language Plaintiff found objectionable was properly crossed-out from the stipulation filed with the court.

The court also finds that Plaintiff has failed to demonstrate that she is entitled to relief under Rule 60(b)(1). Rule 60(b)(1) is intended to provide relief to a party in only two instances: "(1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Yapp,* 186 F.3d at 1231 (*citing Cashner,* 98 F.3d 572, 576 (10th Cir. 1996)). Excusable litigation mistakes do not include mistakes that were the result of a deliberate, calculated decision by the complaining party. *Id.*

In July 2014, Plaintiff made a settlement offer to Defendant, which Defendant rejected and then countered with an offer to allow Plaintiff to dismiss the case with prejudice with each party paying its own costs. (Resp., Ex. 1.) Nearly a month later, Plaintiff decided to accept Defendants' offer to dismiss the case with prejudice,[4] primarily because her business was in trouble, and this lawsuit was consuming the time and energy that Plaintiff felt she should have been devoting to her business. (Resp., Ex. 2.) Plaintiff also filed a document with the court entitled "Judge Tafoya and Judge Blackburn – Reason to Withdraw" that confirms that Plaintiff's business concerns were the primary reason she agreed to dismiss this action. (*See*

---

[4] The fact that Plaintiff crossed out the language of "Having resolved all issues between them" from the stipulation arguably suggests that Plaintiff intended to dismiss this action without prejudice, rather than with prejudice. *See Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1216-17 (dismissal with prejudice ordinarily represents a decision on the merits). Nevertheless, even if Plaintiff were arguing that Order of Dismissal should be modified to render the dismissal be without prejudice, which she is not, the court finds Plaintiff's explicit acceptance of Defendant's counteroffer to dismiss this case with prejudice (Resp., Ex. 2) forecloses any such relief under Rule 60(b)(1).

4

Doc. No. 40.)  Altogether, the record clearly demonstrates that Plaintiff made a calculated, deliberate, and volitional decision to dismiss this action with prejudice.

Finally, the court finds that 60(b)(6) is of no help to Plaintiff.  "Rule 60(b)(6) has been described as a 'grand reservoir of equitable power to justice in a particular case.'"  *Cashner,* 98 F.3d at 579 (citing *Pierce v. Cook & Co.,* 518 F.2d 720, 722 (10th Cir. 1975)).  The Tenth Circuit has found the extraordinary circumstances necessary to warrant relief under Rule 60(b)(6) when, after the entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable.  *Cashner,* 98 F.3d at 579 (collecting cases).  However the broad power granted by Rule 60(b)(6) "'is not for the purpose of relieving a party from free, calculated and deliberate choices [s]he has made.  A party remains under a duty to take legal steps to protect [her] own interests."  *Id.* (quoting 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 2864).

Outside of the fact that she has since second-guessed her decision to dismiss this action, Plaintiff has not pointed to any unanticipated intervening change of circumstances that would warrant relief under Rule 60(b)(6).  Instead, as discussed above, Plaintiff must be held to the free, calculated, and deliberate decision she made in electing to dismiss this action.

WHEREFORE, for the foregoing reasons, I respectfully

RECOMMEND that "Motion to Declare Dimissal [sic] Form Null and Void" (Doc. No. 41) be DENIED.

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 13th day of November, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge