**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-02568-REB-KMT

CATHERINE V. SMITH,

    Plaintiff,

v.

EARL RANDY CRAVEN, MD,

    Defendant.

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matter is before me on the following: (1) the **Motion to Declare Dismissal** [*sic*] **Form Null and Void** [#41][1] filed September 2, 2014; and (2) the corresponding **Recommendation of United States Magistrate Judge** [#44] filed November 13, 2014.

Because no objection to the recommendation was filed, I review the recommendation only for plain error. *See Morales-Fernandez v. Immigration & Naturalization Service*, 418 F.3d 1116, 1122 (10th Cir. 2005).[2] Finding no error, much less plain error, in the recommendation of the magistrate judge, I find and conclude that

---

[1] "[#41]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] This standard pertains even though plaintiff is proceeding *pro se* in this matter. *Morales-Fernandez*, 418 F.3d at 1122. Nevertheless, because plaintiff is proceeding *pro se*, I have construed her pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

the recommendation should be approved and adopted as an order of this court.

In her motion [#41], the plaintiff seeks to have the court rescind the **Stipulation of Dismissal With Prejudice** [#37] and reopen the case. More specifically, the plaintiff maintains that the dismissal of this case should be considered null and void on the grounds that defendant's counsel failed to send her a clean copy of the stipulation after she objected to the introductory language.

For the reasons stated by the magistrate judge, I find and conclude that the plaintiff fails to demonstrate entitlement to relief pursuant to FED. R. CIV. P. 60(b)(1), (3), or (6).

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#44] filed November 13, 2014, is **APPROVED** and **ADOPTED** as an order of this court; and

2. That the **Motion to Declare Dismiss Dismissal** [*sic*] **Form Null and Void** [#41] of the Plaintiff filed September 2, 2014, is **DENIED**.

Dated August 6, 2015, at Denver, Colorado.

BY THE COURT:

*Bob Blackburn*
Robert E. Blackburn
United States District Judge
